UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAYMOND HANAS,

        Petitioner,

v.                                                      CASE NO. 05-CV-74612-DT
                                                       HONORABLE ARTHUR J. TARNOW

GENESEE COUNTY ADULT
PROBATION DEPARTMENT,

        Respondent.
_____/

## ORDER GRANTING RESPONDENT'S
## REQUEST TO HOLD CASE IN ABEYANCE

### I. Introduction

Petitioner Joseph Raymond Hanas has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition alleges that Petitioner is serving a probationary sentence for possession with intent to distribute marijuana. The ground for relief is that members of a Pentecostal sect violated Petitioner's right to practice his Catholic faith in 2003 while Petitioner was confined in a residential rehabilitation program. Petitioner has made the same allegation in a civil rights complaint, which is pending before this Court. *See Hanas v. Inner City Christian Outreach Center, et al.*, No. 2:06-cv-10290 (E. D. Mich. Jan. 23, 2006).

Respondent Kurt Jones has filed an answer to the habeas petition in which he asks the Court to hold this case in abeyance pending resolution of Petitioner's civil rights

complaint. Respondent maintains that the lack of a settled factual record in this case prevents him from responding to Petitioner's constitutional claims.

Petitioner does not oppose a stay, although he asserts that the Court is not barred from holding an evidentiary hearing or from creating a factual record. He has asked the Court to rule on his habeas petition before, or at the same time as, entering a judgment in the civil rights action. If the Court chooses not to suspend consideration of the habeas petition pending completion of a record in the civil case, Petitioner would like an opportunity to present evidence that he was prevented from submitting in state court.

## II. Discussion

"District courts . . . ordinarily have authority to issues stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The Court would not be abusing its discretion by staying this case, because Petitioner does not oppose Respondent's request and it is anticipated that critical facts will be resolved in the companion civil rights case. Judicial economy also will be served by resolving the civil rights case first.

Accordingly, Respondent's request to hold this case in abeyance is GRANTED. This matter is STAYED pending resolution of Petitioner's civil rights case.

s/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge

Dated: September 14, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2006, by electronic and/or ordinary mail.

        s/Theresa E. Taylor
        Case Manager